FILED

NOV - 4 2004

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----ooOoo----

| | |
|---|---|
| DEPARTMENT OF PARKS AND RECREATION FOR THE STATE OF CALIFORNIA,<br><br>    Plaintiff,<br><br>  v.<br><br>BAZAAR DEL MUNDO, INC., a California Corporation, and DOES 1-50, inclusive,<br><br>    Defendant.<br>_____/ | NO. 04-CV-1533 FCD JFM<br><br><br><br>MEMORANDUM AND ORDER |

----ooOoo----

    This matter is before the court on defendant Bazaar del Mundo, Inc.'s ("BdM") motion to transfer venue pursuant to 28 U.S.C. section 1404(a). Plaintiff, the Department of Parks and Recreation for the State of California ("the State"), set forth six causes of action against BdM in its complaint, including: (1) declaratory judgment of trademark ownership; (2) rectification of trademark; (3) fraudulent federal trademark infringement; (4) unfair business practices; (5) false advertising; and (6) false

designation of origin.

The State originally filed its complaint in Sacramento County Superior Court, and the case was properly removed to this court. BdM now seeks to transfer this matter to the United States District Court for the Southern District of California. For the reasons set forth below, the court grants BdM's motion to transfer venue pursuant to 28 U.S.C. section 1404(a).[1]

## BACKGROUND

The underlying dispute between the State and BdM involves a contest for intellectual property rights in connection with the operation of two restaurants located in San Diego. (Def.'s Memorandum of Points and Authorities in Support of its Motion to Transfer Venue ("Def.'s Memo. of P & A") at 1.) In its complaint, the State alleges ownership of two trademarks used by BdM, namely "Casa De Pico" and "Casa De Bandini." (Id.) These marks are the names of two restaurants BdM has continuously operated in Old Town San Diego since 1971 and 1980, respectively. (Id. at 3.)

The State's complaint alleges BdM fraudulently registered with the United States Patent and Trademark Office and the California Secretary of State two names, "Casa De Pico" and "Casa De Bandini," lawfully owned by the State. (Id. at 1.) The State seeks, *inter alia*, injunctions against BdM and a judicial declaration that the State is entitled to the exclusive use and ownership of the trademarks. (Pl.'s Complaint at 10.)

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. See E.D. Cal. Local Rule 78-230(h).

## STANDARD

Where venue is proper in the district in which an action is brought, the court may transfer the action "to any other district or division where it might have been brought" out of concern for "convenience of the parties and witnesses," and "in the interest of justice." 28 U.S.C. § 1404(a) (2003). Where an action might have been brought in another district, the decision to transfer is left to the sole discretion of the district court. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). Section 1404(a) grants the district court broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29 (1988), quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964); accord Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).

The dispositive factors of party convenience, witness convenience, and the interest of justice are to be interpreted broadly to allow for consideration of the facts of each case. E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). The moving party has the burden of showing that "the convenience of the parties and witnesses" and "the interest of justice" require transfer to another district. Commodity Futures Trading Comm'n, 611 F. 2d at 279.

Transfer may not be ordered if the result merely shifts the inconvenience from one party to another. Reed Elsevier, Inc. v. Innovator Corp., 105 F. Supp. 2d 816, 821 (S.D. Ohio 2000). The party seeking the transfer has the burden of showing that trial

3

where the action is pending will result in a clear balance of inconveniences to it. Harris Trust & Sav. Bank v. SLT Warehouse Co., Inc., 605 F. Supp. 225, 227 (N.D. Ill. 1985).

**ANALYSIS**

The district court may transfer an action pursuant to Section 1404(a)[2] if two requirements are met. First, the proposed transferee district must be one in which the action "might have been brought" originally. 28 U.S.C. § 1404(a). Second, the court must determine that the transfer of the action will enhance the convenience of the parties and witnesses, and is in the interests of justice. Id.; See also 17 Moore's Federal Practice, § 111.11 (Matthew Bender 3d ed. 2003).

### 1. This Action Could Have Been Brought in the Southern District of California

Plaintiff does not dispute the fact that this action could have been brought in the Southern District of California. Venue would have been proper pursuant to 28 U.S.C. section 1391(b)[3]. BdM resides in the Southern District (Powers Decl., ¶ 13), and an overwhelming number of the events giving rise to the State's complaint occurred in the Southern District. Therefore, under

---

[2] 28 U.S.C. § 1404(a) states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

[3] A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b)

subsections (1) and (2) of 28 U.S.C. section 1391(b), the State could have initially filed its complaint in the Southern District of California.

2. **Convenience of the Parties and Witnesses and the Interests of Justice**

In Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986), the Ninth Circuit identified several factors a court may consider in determining whether to grant a transfer under Section 1404(a): (1) the convenience of the parties and witnesses; (2) the relative ease of access to sources of proof; (3) the possibility of viewing the premises; (4) the local interest in having localized disputes decided at home; (5) the unfairness of burdening citizens in an unrelated forum with jury duty; and (6) plaintiff's choice of forum.

First, although BdM does not identify the exact number and names of all its potential witnesses at this early stage in the litigation, BdM does make it clear that nearly all reside in the San Diego area. (See Def's. Memorandum of Points and Authorities ("Def's. Mem. of P & A") at 9-10.) Although the State identifies four potential witnesses located in Sacramento, even the State's attorney is located in San Diego. Accordingly, the relatively small burden placed on the State by transferring this matter to the Southern District is far outweighed by the substantial inconvenience to BdM's parties, witnesses, and relevant evidence, almost all of which are located in San Diego. (See id.)

Second, since the trademark dispute has essentially no connection to this district, the Southern District of California has a substantially stronger interest in adjudicating this

5

inherently local matter.  The Southern District is the situs of nearly all of the operative facts underlying the State's trademark claims, and the effect of the requested injunctive relief, if granted, would primarily be felt in San Diego.

Finally, BdM contends that the Southern District is a more appropriate forum given that a related case, <u>Bazaar Del Mundo, Inc. v. Delaware North Companies Parks and Resorts, et. al</u>, Case No. 03-CV-2284 W (LSP), decided by the Southern District and involving the same central issue of the ownership of the two trademarks, is currently pending before the Ninth Circuit Court of Appeals. (<u>See</u> Def's. Reply at 7.)  In the interests of judicial economy and consistency of judgments, the Southern District of California should adjudicate this matter since it involves the same central issue as the prior case.

## CONCLUSION

For the foregoing reasons, defendant's motion to transfer venue pursuant to 28 U.S.C. section 1404(a) is GRANTED.  This matter shall be transferred to the Southern District of California.

IT IS SO ORDERED.

DATED: November 3, 2004

FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

```
              United States District Court
                        for the
              Eastern District of California
                    November 4, 2004


              * * CERTIFICATE OF SERVICE * *

                                    2:04-cv-01533

   Dept of Parks

      v.

   Bazaar Del Mundo

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  November 4, 2004, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


      David H Robinson                       MP/FCD
      NOT EDCA ADMITTED
      Attorney General                       CF/JFM
      PO Box 85266
      110 West A Street
      Suite 1100
      San Diego, CA  92186-5266

      Richard P. Sybert
      Gordon and Rees LLP
      101 West Broadway
      Suite 1600
      San Diego, CA  92101

      Callie A Bjurstrom
      Luce Forward Hamilton and Scripps
      600 West Broadway
      Suite 2600
      San Diego, CA  92101

      U.S. District Court
      Southeern District of CA
      880 Front Street, Suite 4290           Jack L. Wagner, Clerk
      San Diego, CA  92101-8900
   (w/Clerk's File)                          by: Deputy Clerk
```